IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARTIN VALVERDE,<br>　　　　Plaintiff, | § § § | |
| v. | § § | No. EP-17-CV-00142-ATB |
| NANCY A. BERRYHILL,<br>Acting Commissioner of the<br>Social Security Administration,<br>　　　　Defendant. | § § § § § | |

## MEMORANDUM OPINION & ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons set forth below, the Court orders that the Commissioner's decision be **AFFIRMED**.

### I.　　PROCEDURAL HISTORY

On January 13, 2014, Plaintiff filed an application for DIB and SSI, alleging an amended disability onset date of August 14, 2013. (R. 44, 63, 207-209, 212-217). His applications were denied initially and denied upon reconsideration. (R. 138-149, 156-159). Plaintiff then filed a request for a hearing, which was held on October 26, 2015. (R. 58-95, 160-161). The Administrative Law Judge ("ALJ") issued a decision on January 12, 2016, denying benefits. (R.

41-57). Subsequently, the Appeals Council denied review. (R. 1-4). Therefore, the ALJ's decision stands as the final decision of the Commissioner.

## II. ISSUE

Plaintiff presents the following issue for review:

(1) Whether the ALJ's determination that Plaintiff is not disabled is erroneous and against agency rules and regulations warranting remand.

(ECF. No. 17, p. 2).

Plaintiff's sole argument is that the ALJ erroneously categorized Plaintiff's exertional level as light, rather than sedentary. (*Id*. at 3-6). Specifically, Plaintiff argues that an exertional level of light work with a two hour stand/walk limitation is correctly categorized as sedentary work under the grids. (*Id*.). Accordingly, Plaintiff alleges that the ALJ applied the wrong grid, and therefore, that the ALJ's step five findings and the testimony of the Vocational Expert ("VE") are erroneous. (*Id*. at 3-4). Due to this alleged error, Plaintiff seeks a remand for the award of benefits or additional proceedings. (*Id*. at 6).

## III. DISCUSSION

**A. Standard of Review**

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (citations omitted); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citation omitted). "Substantial evidence 'is more than a mere scintilla, and less than a preponderance.'" *Masterson*, 309 F.3d at 272 (citation omitted). The Commissioner's findings will be upheld if supported by substantial evidence. *Id.* (citation omitted). A finding of no

substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (per curiam) (internal quotation marks and citation omitted).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272 (citation omitted). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id.* (citation omitted); *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citation omitted).

**B.     Evaluation Process**

The ALJ evaluates disability claims according to a sequential five-step process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment; (3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the impairment prevents the claimant from performing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. Once the claimant satisfies his burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant is capable of performing. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). This burden may be satisfied either by reference to the Medical Vocational Guidelines of the regulations, by VE testimony, or by other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). Once the Commissioner makes the requisite showing at step five, the burden shifts back to the Plaintiff to rebut the finding that there are jobs that exist in significant numbers that the Plaintiff could perform. *Perez v. Barnhart*, 415 F.3d

457, 461 (5th Cir. 2005).

In the present case, the ALJ found that Plaintiff suffered from the severe impairments of Degenerative Disc Disease, Obesity, Osteoarthritis, and a Positive Antinuclear Antibody ("ANA") Test. (R. 46-47). Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the listed impairments. (R. 47-48). After considering the entire record, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC")[1] to perform light work[2] with the following limitations:

> the [Plaintiff] can only stand and walk for *two hours in an eight-hour workday*. The [Plaintiff] can occasionally climb ramps and stairs, but cannot climb ladders, ropes, or scaffolds. The [Plaintiff] can frequently balance, but can occasionally stoop, kneel, crouch, and crawl.

(R. 48-50) (emphasis added). The ALJ then determined that Plaintiff was unable to perform his past relevant work. (R. 51). However, after considering Plaintiff's age, education, work experience, and RFC, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform. (R. 51-52). Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act through the decision date. (R. 52).

**C. Analysis**

The Court rejects Plaintiff's position that the inability to perform the full range of light work required the ALJ to find that Plaintiff could only perform sedentary work. (*See* ECF. No. 17, p. 3-6). "To determine the physical exertion requirements of work in the national economy,

---

[1] Residual Functional Capacity ("RFC") is the most an individual can still do despite his or her limitations. 20 C.F.R. §404.1545; SSR 96-8p.

[2] 20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.").

[the Social Security Administration] classif[ies] jobs as sedentary, light, medium, heavy, and very heavy." 20 C.F.R. § 404.1567. These definitions describe the requirements for a *full range* of work at a particular exertional level. *Malley v. Astrue*, 2012 U.S. Dist. LEXIS 18543, at *19-20 (E.D. La. 2012) (emphasis in original); *see generally*, SSR 83-10. In order to perform the full range of light work, an individual "must have the ability to do substantially all of [the] activities [required]." 20 C.F.R. § 404.1567(b); *see also* SSR 83-10. However, the social security regulations specifically contemplate a situation where an RFC may be "somewhere in the middle" in terms of the regulatory criteria for exertional ranges of work. *See* SSR 83-12. In such cases, the ALJ shall consult a VE, who "can assess the effect of any limitation on a given range of work and then advise [the ALJ] whether the impaired person's RFC permits him or her to perform substantial numbers of occupations within the range of work at issue . . . ." *See Gravel v. Barnhart*, 360 F. Supp. 2d 442, 448 (N.D.N.Y. 2005) (internal quotations omitted); *Malley v. Astrue*, 2012 U.S. Dist. LEXIS 18543, at *21 (E.D. La. 2012) ("Where exertional limitations prevent the claimant from doing the full range of work specified in his assigned residual function category, . . . the grids do not direct a conclusion of disabled or not disabled. In such a case, vocational expert testimony is required to determine whether jobs exist for someone with the claimant's precise disabilities.") (internal citations omitted). Consequently, "the inability to perform the full range of light work does not mean that [Plaintiff] is capable only of sedentary work." *Conaway v. Astrue*, 2008 U.S. Dist. LEXIS 91012, at *10 (N.D. Tex. 2008).

Here, the ALJ made the RFC determination that Plaintiff retained the ability to do light work with some limitations. (R. 48-50). While Plaintiff's standing and walking limitations fall within the sedentary category, Plaintiff's RFC was above the category of sedentary work in various areas, including lifting and carrying at full light exertional levels. (R. 50). Thus,

Plaintiff's RFC fell between light work and sedentary work as contemplated by SSR 83-12. *Torres v. Berryhill*, 2017 U.S. Dist. LEXIS 48591, at *7-8 (D. Minn. 2017) ("In fact, numerous courts have found that a two hour standing or walking limitation is consistent with the definition of a reduced range of light work.") (collecting cases). Therefore, as he was required to do so, the ALJ consulted a VE, and included all of Plaintiff's limitations in his hypotheticals. (R. 51-52, 91-95); *see Conaway*, 2008 U.S. Dist. LEXIS 91012, at *10 (holding that, where Plaintiff's RFC did not precisely fit into a light or sedentary category, the ALJ properly relied on testimony of the VE); *Malley*, 2012 U.S. Dist. LEXIS 18543, at *36 (holding that the ALJ's RFC determination was supported by substantial evidence where the ALJ found that the plaintiff was limited in his ability to perform light work by, among other things, the ability to stand and/or walk for only two hours per day). Similarly, because Plaintiff's RFC was between sedentary and light, and the ALJ included all of Plaintiff's limitations in his hypothetical to the VE, the VE's testimony was consistent with the grids. *See id*; *Logerman v. Colvin*, 2014 U.S. Dist. LEXIS 137072 (E.D. Mo. 2014) (affirming the decision of the ALJ where he relied on VE testimony that plaintiff could perform specific light work occupations which limited plaintiff to standing or walking for two hours). Accordingly, the Court finds that the ALJ's decision is free from legal error in this respect.

## IV. CONCLUSION

Based on the foregoing, the Court **HEREBY ORDERS** that the decision of the Commissioner be **AFFIRMED** consistent with this opinion.

**SIGNED** and **ENTERED** this 25th day of October, 2017.

**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**